**Randy KRULISH, Appellant,**

v.

**STATE of Minnesota DEPARTMENT OF HUMAN SERVICES, Respondent.**

No. C6–93–1704.

Court of Appeals of Minnesota.

Jan. 18, 1994.

Scott C. Jackson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., and Robert V. Sauer, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by HARTEN, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

HARTEN, Judge.

Appellant Randy Krulish challenges a district court ruling that the level of home care services provided to him by Mower County as of December 1987 is not exempt from limitations on medical assistance payments as set out in Minn.Stat. § 256B.0627, subd. 5(a) (Supp.1991). We affirm.

## FACTS

Krulish is quadriplegic as a result of injuries he sustained in a 1966 accident. He moved to Mower County in 1980 and began receiving about 21 hours of home care services a day. These services were provided in part by Mower County and in part by medical assistance through respondent State of Minnesota Department of Human Services (the Department) as administrator of Medicaid, a cooperative federal-state program. As of December 1987, Mower County provided 14.5 hours and medical assistance provided 6.5 hours of Krulish's daily 21 hours of home care services.

In 1990, home care services to Krulish by medical assistance was increased to 11 hours; Mower County correspondingly reduced its home care services to 10 hours. In October 1991, Mower County informed Krulish that it would no longer provide home care services to him as of January 1, 1992. On December 7, 1991, the Department refused Krulish's request for an additional 10 hours of medical assistance for home care services, although the Department did increase medical assistance for home care services to 14 hours. Krulish seeks medical assistance for the remaining 7 hours of home care services for night care which would return his daily services to 21 hours.

On November 24, 1992, on behalf of the Commissioner of Human Services, the chief appeals referee adopted a decision by a Department referee rejecting Krulish's argument that he is exempt from limitations on medical assistance payments pursuant to Minn.Stat. § 256B.0627, subd. 5 (Supp.1991). The referee was asked to determine whether the 7 hours of services for which the Department refused to provide medical assistance were home care services and, if so, whether they were exempt from medical assistance payment limitations. The referee decided that the night care services were not covered as home care services by Minn.Stat. § 256B.0627, subd. 2. Therefore, the referee concluded that the statutory exemption, which applies to home care services, did not apply in Krulish's case. On December 23, 1991, on Krulish's motion for reconsideration, the Commissioner's representative (the chief appeals referee), found no error in the referee's decision and opined that home care services provided by sources other than medical assistance were not exempted from payment limitations by Minn.Stat. § 256B.0627, subd. 5(a).

Krulish sought district court review pursuant to Minn.Stat. § 256.045, subd. 7 (1990). On July 12, 1993, the district court filed findings of fact, conclusions of law, order and memorandum holding that the night care services were home care services eligible to be provided by medical assistance. The Department has not sought review of that holding.

The district court also held, however, that payment of medical assistance payments could be limited because Krulish did not qualify for exemption from limitations under Minn.Stat. § 256B.0627, subd. 5(a). The district court agreed with the Commissioner that the statutory exemption only applies to home care services provided by medical assistance in 1987, and, because the home care services were provided by Mower County in 1987, they were not subject to the statutory exemption.

## ISSUE

Must home care services have been provided by medical assistance in 1987 to qualify for the exemption from payment limitations set out in Minn.Stat. § 256B.0627, subd. 5(a) (Supp.1991)?

## ANALYSIS

Minn.Stat. § 256B.0627, subd. 5 (Supp. 1991) provides:

Medical assistance payments for home care services shall be limited according to this subdivision.

(a) Exemption from payment limitations. The level, or the number of hours or visits of a specific service, of home care services to a recipient that began before and is continued without increase on or after December 1987, shall be exempt from the payment limitations of this section, as long as the services are medically necessary.[1]

▮▮▮ The Department maintains that the statutory exemption only applies to home care services provided by medical assistance in 1987. Krulish maintains that the enactment of the exemption is part of a broader plan by which administration of provision of home care services was shifted from counties to the state through medical assistance. Therefore, Krulish maintains that the statute refers to all home care services he received in 1987, including those provided by Mower County. In support of his contention, Krulish points out that the statute does not explicitly state that home care services provided by *medical assistance* are exempted from payment limitations. We agree with the Commissioner and the district court that the statutory exemption from medical assistance payment limitations applies only to home care services that were provided by medical assistance as of December 1987.

▮▮▮ "This court's review of a decision of the Commissioner of Human Services is governed by Minn.Stat. § 14.69 (1990)." *Kaplan v. Washington County Community Social Servs.,* 494 N.W.2d 487, 489 (Minn.App.1993) (citing *Mammenga v. Department of Human Servs.,* 442 N.W.2d 786, 789 (Minn.1989)). Krulish asserts that the Commissioner's decision is based on an error of law. *See* Minn. Stat. § 14.69(d). This court does not "defer to an administrative agency with respect to pure questions of law." *Kaplan,* 494 N.W.2d at 489 (citing *St. Otto's Home v. Department of Human Servs.,* 437 N.W.2d 35, 39–40 (Minn.1989)). "Statutory construction is a question of law, therefore this court need not defer to the agency's determination." *Kaplan,* 494 N.W.2d at 489. Nonetheless, it is Krulish's burden to show that the Commissioner's decision should be reversed. *Markwardt v. Water Resources Bd.,* 254 N.W.2d 371, 374 (Minn.1977).

Krulish has produced no authority to support his contention that the broader legislative enactment encompassed transferring funding for home care services from the counties to medical assistance. Furthermore, his construction of the statute is contrary to statutorily-mandated construction of laws. Minn.Stat. § 645.16 (1990) provides:

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions.

When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing its spirit.

Minn.Stat. § 256B.0627, subd. 5(a) is codified within Chapter 256B, which deals exclu-

---

1. The effect, if any, of the statutory language, "is continued without increase on or after December 1987" has not been addressed on appeal and is not before us.

sively with Minnesota's medical assistance program and is entitled "Medical Assistance for Needy Persons." Subdivision 5 states that it relates to limitations on payment of medical assistance. When considered in its proper context, it is clear that the exemption refers to home care services provided by medical assistance in 1987.

## DECISION

Because Krulish has failed to show that the Commissioner made an error of law, we affirm the decision of the district court.

**Affirmed.**